UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD F. GRODEN, EXECUTIVE DIRECTOR of the <br> NEW ENGLAND TEAMSTERS PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> DINA KRUPEN EPSTEIN, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No.: <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

### COUNT I
(Specific Performance and/or Equitable
Declaration and Enforcement of the Plan Rules)

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, brought on behalf of the New England Teamsters Pension Fund (the "Pension Fund") for damages arising from the Defendant's wrongful taking of pension benefits.

2. This court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1), 29 U.S.C. § 1132(a)(3) and 28 U.S.C. § 1331, and venue lies in this district pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff Edward F. Groden is the Executive Director of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Pension Fund has its principal office at and is administered from One Wall Street, 4th Floor, Burlington, Massachusetts 01803.

4. Defendant Dina Krupen Epstein ("Defendant") is an individual residing at 2013 Larson Lane, Goose Creek, South Carolina 29445.

5. Defendant is the daughter of Joan Krupen ("Ms. Krupen"), a beneficiary of the Pension Fund.

6. Upon information and belief, Ms. Krupen and Defendant shared a joint account at Wells Fargo Bank (the "Joint Account").

7. Ms. Krupen was awarded a pension from the Plaintiff in the amount of $1,725.00 per month, payable for her lifetime, beginning in May 2001.

8. The Pension Fund deposited a monthly benefit payment into the Joint Account from May 2001 to November 2023.

9. On or about November 2023, the Pension Fund was notified that Ms. Krupen died on September 5, 2020. This was the Pension Fund's first notification of Ms. Krupen's death.

10. Pursuant to the Pension Fund's Rules and Regulations, pension benefits owed to Ms. Krupen cease upon her death.

11. The Pension Fund called the phone number on Ms. Krupen's file and spoke to the Defendant.

12. The Defendant told the Pension Fund representative that she believed she was the pension beneficiary and then hung up the phone.

13. From October 2020 to November 2023, the Pension Fund deposited thirty-eight (38) pension benefit payments, each in the amount of $1,725.00 into the Joint Account.

14. The amount of the overpayment of pension benefits deposited by the Pension Fund to the Joint Account is $65,550.00.

15. Upon information and belief, Defendant withdrew the pension benefits from the Joint Account between October 2020 to November 2023 in violation of the Pension Fund's Rules and Regulations.

16. The Pension Fund is entitled to be reimbursed for the overpayments of benefits under the Pension Plan's Rules and Regulations.

17. In order to enforce the provisions of the Pension Fund's Rules and Regulations, the Pension Fund is entitled to specific performance and injunctive relief requiring full reimbursement by Defendant of the pension benefits she withdrew from the Joint Account between October 2020 to November 2023.

18. The Pension Fund is entitled to a constructive trust over the pension benefits withdrawn by Defendant from the Joint Account between October 2020 to November 2023.

19. The Pension Fund is entitled to an equitable lien over the pension benefits withdrawn by Defendant from the Joint Account between October 2020 to November 2023.

20. The Pension Fund is entitled to restitution from Defendant equal to pension benefits withdrawn by Defendant from the Joint Account between October 2020 to November 2023.

COUNT II
(Unjust Enrichment)

21. Plaintiff hereby incorporates paragraph one (1) through twenty (20) as though set forth herein.

22. This court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

23. The Pension Fund conferred a benefit upon Defendant in the form of pension benefits which she withdrew from the Joint Account between October 2020 to November 2023.

24. Defendant was unjustly enriched at the expense of the Pension Fund, its participants and beneficiaries and such enrichment is unconscionable.

25. This Court should order Defendant to make restitution to the Pension Fund for all pension benefits withdrawn by the Defendant from the Joint Account between October 2020 to November 2023.

WHEREFORE, the Plaintiff demands that judgment enter under ERISA § 502(a)(3)(b) requiring payment to the Pension Fund as follows:

1. Overpayment of pension benefits in the amount of $65,550.00;

2. Prejudgment interest compounded monthly from October 2020;

3. All reasonable attorney's fees and costs incurred by the Pension Fund in litigating this matter pursuant to 29 U.S.C. 1132(g)(1); and

4. Ordering such other and further relief as this Court may deem just and proper.

Dated: February 6, 2024

Respectfully submitted,
For the Plaintiff,

By its Attorney,

*/s/* Melissa A. Brennan
Melissa A. Brennan, Esq.
BBO # 669489
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976
mab@fdb-law.com

## **CERTIFICATE OF SERVICE**

I, Melissa A. Brennan, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested this day to the United States Secretaries of Labor and Treasury.

Date: February 6, 2024                                                          */s/* Melissa A. Brennan
                                                                                               Melissa A. Brennan, Esq.