UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD F. GRODEN, EXECUTIVE DIRECTOR of the NEW ENGLAND TEAMSTERS PENSION FUND,<br><br>        Plaintiff,<br><br>        v.<br><br>DINA KRUPEN EPSTEIN,<br><br>        Defendant. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 24-cv-10303-ADB<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

BURROUGHS, D.J.

    This is an action brought by Edward Groden ("Groden" or "Plaintiff"), the Executive Director of the New England Teamsters Pension Fund (the "Pension Fund") pursuant to the Employee Retirement Income Security Act ("ERISA") and federal common law to recover more than $70,000 in misappropriated pension funds and associated costs. [ECF No. 1 ("Complaint" or "Compl.")]. Currently pending before the Court is Plaintiff's motion for a default judgment following Dina Krupen Epstein's ("Defendant") failure to appear or otherwise defend this action. [ECF No. 17]. For the following reasons, Plaintiff's motion for a default judgment, [ECF No. 17], is GRANTED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    The Court summarizes the salient facts alleged in the Complaint and accepts all well-pleaded facts as true for purposes of this Memorandum and Order. See Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 75–76 (1st Cir. 2001). Joan Krupen, Defendant's mother, was a beneficiary of the Pension Fund, having been awarded a pension in the amount of $1,725 per

1

month, payable for her lifetime, beginning in May 2001. [Compl. ¶¶ 5, 7]. The Pension Fund deposited a monthly benefit payment into the Joint Account, shared between Ms. Krupen and Defendant, from May 2001 to November 2023. [Id. ¶¶ 6, 8]. On or about November 2023, the Pension Fund was notified that Ms. Krupen had died on September 5, 2020. [Id. ¶ 9]. This was the Pension Fund's first notification of Ms. Krupen's death. [Id.]. Pursuant to the Pension Fund's Rules and Regulations, pension benefits owed to Ms. Krupen ceased upon her death. [Id. ¶ 10]. Prior to learning of her death, however, between October 2020 and November 2023, the Pension Fund deposited thirty-eight pension benefit payments, each in the amount of $1,725, to that Joint Account. [Id. ¶ 13].

At some point after learning of Ms. Krupen's death, the Pension Fund called the phone number on Ms. Krupen's file and spoke to Defendant. [Id. ¶ 11]. Defendant told the Pension Fund representative that she believed she was the pension beneficiary and then hung up the phone. [Id. ¶ 12].

On February 6, 2024, Plaintiff brought this action against Defendant. [ECF No. 1]. On March 13, 2024, the Court granted Defendant an extension until April 12, 2024 to respond to the Complaint, then granted a further extension to May 13, 2024. [ECF Nos. 6, 8]. On May 20, 2024, with no appearance having been made on Defendant's behalf and no response having been filed, the Court ordered the parties to file a status report by May 31, 2024. [ECF No. 10]. Plaintiff filed a status report on May 31, 2024, which stated that Plaintiff's counsel had discussed the status report with Defendant's counsel on May 20, 2024 but was unable to reach him thereafter. [ECF No. 11]. Ultimately, Plaintiff filed a Request for Notice of Default on June 7, 2024, which was granted, and then a motion for default on July 12, 2024, neither of which was responded to by Defendant. [ECF Nos. 13, 17].

## II.     DISCUSSION

Pursuant to Rule 55(b), a plaintiff seeking a default judgment "must apply to the court" if the amount of damages claimed is not a "sum certain." Fed. R. Civ. P. 55(b). The Court must first assure itself that it has both subject matter jurisdiction and personal jurisdiction over the action. Plasterers' & Cement Masons' Loc. 40 Pension Fund v. Cap. Curbing Corp., No. 09-cv-00236, 2010 WL 1424722, at *2 (D.R.I. Mar. 12, 2010), adopted by 2010 WL 1376293 (D.R.I. Apr. 6, 2010). Once satisfied that jurisdiction is proper, the Court reviews the well-pleaded facts alleged in the complaint to determine whether they state a claim upon which relief may be granted. Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002). Finally, if the Court finds that the complaint states a claim, it calculates damages. See Donovan v. Amps Elec., Inc., No. 22-CV-10989-ADB, 2022 WL 16639137, at *2 (D. Mass. Nov. 2, 2022).

### A.  Jurisdiction

The Court "has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties" before entering a default judgment. Plasterers' & Cement Masons Loc. 40 Pension Fund, 2010 WL 1424722, at *2. This Court has subject matter jurisdiction over the ERISA claim (Count I) pursuant to 29 U.S.C. § 1132(e)(1). See 29 U.S.C. § 1132(e)(1) ("[T]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . a . . . fiduciary. . . ."). The Court also has supplemental subject matter jurisdiction over the unjust enrichment claim (Count II) pursuant to 28 U.S.C. § 1367 because the claim is closely related to and part of the same case or controversy as the ERISA claim. See 28 U.S.C. § 1367(a).

The Court further has personal jurisdiction over Defendant. "Any district court in which a plaintiff brings an action under Title I of ERISA will have personal jurisdiction over the

defendant, if the defendant is properly served and has sufficient minimum contacts with the United States." Plasterers' & Cement Masons' Loc. 40 Pension Fund, 2010 WL 1424722, at *3 (footnote and alteration omitted) (quoting Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co., Inc., 440 F.3d 870, 875 (7th Cir. 2006)).  "Furthermore, sufficient contacts exist whenever the defendant is served within the sovereign territory of the United States pursuant to a federal statute or civil rule." Univ. of Mass. Med. Ctr. v. C & M Corp., 16 F. Supp. 2d 110, 111 (D. Mass. 1998) (citing United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085–86 (1st Cir. 1992)).  "ERISA provides for nationwide service of process, and [Fed. R. Civ. P. 4(k)(1)(C)] constitutes the mechanism for exercising such extraterritorial service." Id. at 112.  Here, Defendant resides in South Carolina.  [Compl. ¶ 4].  A return of service was filed on February 21, 2024.  [ECF No. 4].  "By virtue of the fact that [Defendant] was lawfully served within the United States pursuant to a federal statute . . . this Court has personal jurisdiction over [Defendant]." C & M Corp., 16 F. Supp. 2d at 112 (citing United Elec., 960 F.2d at 1085–86).

### B. Liability

On a motion for a default judgment, the Court considers "all well-pleaded factual allegations as true . . . to determine whether [the complaint] alleges a cause of action." Ramos-Falcon, 301 F.3d at 2; see also Franco v. Selective Ins., 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.").  Where the complaint contains facts sufficient to state a claim upon which relief can be granted, the defendant's liability is established at the time of default.  See Hooper-Haas v. Ziegler Holdings,

4

LLC, 690 F.3d 34, 41 (1st Cir. 2012); Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985).

### 1. Equitable Relief (Count I)

Plaintiff alleges that Defendant violated the Pension Funds Rule and Regulations, thereby entitling Plaintiff to equitable relief pursuant to 29 U.S.C. § 1132(a)(3)(B). [Compl. ¶¶ 15, 17]. This provision permits a "participant, beneficiary, or fiduciary" to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).  It is a "catchall" provision that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [the statute] does not elsewhere adequately remedy." Varity Corp. v. Howe, 516 U.S. 489, 512 (1996). "When bringing a suit under § 1132(a)(3) for monetary relief, a plaintiff must establish injury-in-fact." New Eng. Biolabs, Inc. v. Miller, No. 20-cv-11234, 2020 WL 6871015, at *3 (D. Mass. Nov. 23, 2020).

Analyzed under this framework, the Complaint states an ERISA claim against Defendant. Specifically, the Complaint establishes that ERISA applies to the pension account in question, and it also establishes that Groden is a fiduciary within the meaning of Section 502(a)(3), [Compl. ¶ 3]. The monthly benefits that were incorrectly paid into Ms. Krupen's account are indisputably pension plan assets, and the loss of these assets is a concrete injury. See New Eng. Biolabs, 2020 WL 6871015, at *3.

### 2. Unjust Enrichment (Count II)

The Pension Fund claims Defendant has been unjustly enriched by the overpayment (Count II). This claim is preempted under ERISA. 29 U.S.C. § 1144(a) (preempting "any and

5

all State laws insofar as they may now or hereafter relate to any employee benefit plan"). A "cause of action 'relates to' an ERISA plan when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action." Joyce v. John Hancock Fin. Servs., Inc., 462 F. Supp. 2d 192, 211 (D. Mass. 2006) (quoting Hampers v. W.R. Grace Co., Inc., 202 F.3d 44, 52 (1st Cir. 2000)). ERISA preempts all state-law and federal common law claims claims—including claims for unjust enrichment—that relate to an ERISA plan. Id.; Metro. Life Ins. Co. v. Socia, 16 F. Supp. 2d 66, 71 (D. Mass. 1998) (holding that no federal common law remedy of unjust enrichment exists to recover overpayments made under ERISA plan).

### C. Damages

Although an entry of default establishes liability, it does not establish the amount of damages owed to the plaintiff for purposes of a default judgment. In calculating damages, the Court may conduct a hearing but is not required to do so, particularly where the facts alleged, together with affidavits submitted by the moving party, adequately establish the amount of the default judgment. See In re The Home Rests., Inc., 285 F.3d 111, 114–15 (1st Cir. 2002) (district court did not abuse its discretion by entering default judgment without a hearing, where there was "no uncertainty about the amounts at issue," the pleadings contained "specific dollar figures," and the court requested and received affidavits in support of the default judgment).

Here, Plaintiff seeks a default judgment in the amount of $76,140.39, comprised of the following: (i) $65,550 in principal, (ii) $5,244 in interest, and (iii) $5,346.39 in attorney's fees, and costs. [ECF No. 17 ¶ 11]. Plaintiff supports its request for principal with an affidavit from the Pension Fund's Executive Director, which the Court credits. [ECF No. 18].

Plaintiff requests $5,244 in prejudgment interest, based on a rate of twelve percent pursuant to Mass. Gen. Laws ch. 231, § 6C.  See [ECF No. 18 ¶ 13].  With the exception of cases brought under 29 U.S.C. § 1132(g)(2), ERISA is silent as to pre-judgment interest.  See Colon Velez v. P.R. Marine Mgmt., Inc., 957 F.2d 933, 941 (1st Cir. 1992).  The First Circuit has instructed that "[b]ecause [ERISA] is silent as to pre-judgment interest and the granting of pre-judgment interest falls under the equitable powers of the district court," district courts may look to outside sources, such as state law, to set the pre-judgment interest rate.  See id.  "[A] court that elects to award prejudgment interest in an ERISA case has broad discretion in choosing a rate," and "equitable considerations should guide the exercise of judicial discretion."  Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996), abrogated on other grounds, Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242 (2010).

This Court will adopt the twelve percent rate of Mass. Gen. Laws ch. 231, § 6C, as Plaintiff requests.  [Compl. ¶ 13(b)].  "It would be inequitable for a breach . . . under a pension contract in Massachusetts to generate less interest than a breach of a simple contract."  Gallagher v. Park W. Bank & Tr. Co., 951 F. Supp. 10, 14 (D. Mass. 1997).  While a federal interest rate may be used, the Court has the discretion to apply the state rate.  Cottrill, 100 F.3d at 224–25.

ERISA gives the Court discretion to award reasonable attorney's fees and costs.  29 U.S.C. § 1132(g)(1).  In support of its request for attorney's fees, Plaintiff provided the Court with time entries for attorneys who worked on this matter.  See [ECF No. 19-1].  Upon review of this documentation, the Court finds that attorney's fees and costs in the amount of $5,346.39 are reasonable.

7

Upon consideration of Plaintiff's motion for entry of a default judgment, [ECF No. 17], and accompanying affidavits and materials described above, [ECF Nos. 18–19], the Court agrees that Plaintiff is owed a total of $76,140.39.

## III.   CONCLUSION

Accordingly, Plaintiff's motion for a default judgment, [ECF No. 17], is <u>GRANTED</u>. Default judgment shall hereby be entered against Defendant in the amount of $76,140.39.

**SO ORDERED.**

October 17, 2024 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE